## UNITED STATES OF AMERICA

v.

**Myung S. KOH, Defendant.**

**No. S2 96 Cr. 082 (MGC).**

United States District Court,
S.D. New York.

June 23, 1997.

Mary Jo White, United States Attorney for the Southern District of New York by Roland G. Riopelle, Assistant United States Attorney, New York City, for United States of America.

Andrew G. Patel, New York City, for Defendant.

*OPINION*

CEDARBAUM, District Judge.

Myung S. Koh is charged in a four-count superseding indictment with conspiracy to commit money laundering (Count One), money laundering (Counts Two and Three) and

---

conspiracy to defraud a foreign bank (Count Four). Koh now moves to dismiss Counts One, Two and Three of the indictment on the ground that they are barred by the statute of limitations. Both sides agree that the acts charged in those counts took place more than five years ago, and that absent a knowing and voluntary waiver of the statute of limitations by Koh, the counts would be time-barred. Both sides also agree that Koh signed a plea agreement on March 8, 1989, that purports to waive any statute of limitations defense for the crimes charged in the indictment. The only issue is whether, when Koh signed that agreement, he knowingly and voluntarily waived the statute of limitations. Because the government has not met its burden of showing that the waiver was knowing and voluntary, Counts One through Three are dismissed.

### Undisputed Facts

In February 1989, agents of the United States Customs Service seized a number of checks that the government alleges had been sent to Panama by Koh in furtherance of a money-laundering scheme. An investigation ensued, and on March 8, 1989, Koh signed an agreement with the government. The agreement provided that the government would accept a plea of guilty by Koh to two counts of failing to file reports on exporting monetary instruments and that Koh would cooperate in the government's investigation of the money-laundering conspiracy. The agreement is in the form of a four-page, single-spaced letter from Assistant United States Attorney Peter Sobol to Samuel Weissman, Koh's attorney at the time. In the middle of the third page, the agreement provides:

> Should Myung S. Koh commit any further crimes or should it be determined that he has given false, incomplete, or misleading testimony or information, or should he otherwise violate any provision of this Agreement, Myung S. Koh shall thereafter be subject to prosecution for any federal criminal violation of which this Office has knowledge.... [S]uch prosecutions which

are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against Myung S. Koh in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of any such prosecution. It is the intent of this Agreement to waive any and all defenses based on the statute of limitations with respect to any prosecutions which are not time-barred on the date this Agreement is signed.

(Ex. A to Not. of Mot. at 3.)

Over the next six years, through late 1995, Koh cooperated with the government in its investigation of the alleged money-laundering conspiracy. During those six years, he never entered a guilty plea pursuant to the agreement.[1] Accordingly, the agreement was never brought before a court and Koh was never questioned as to whether he had knowingly and voluntarily entered the agreement.

In January 1996, the government declared the agreement void due to Koh's alleged commission of further crimes in breach of the agreement. An indictment was filed in February 1996.

### Discussion

It is undisputed that the crimes charged in Counts One through Three of the indictment are barred by the five-year statute of limitations contained in 18 U.S.C. § 3282, unless the waiver of the statute of limitations defense contained in the plea agreement is valid. It is clear that the statute of limitations is a waivable affirmative defense. *United States v. Walsh,* 700 F.2d 846, 855–56 (2d Cir.1983), *cert. denied,* 464 U.S. 825, 104 S.Ct. 96, 78 L.Ed.2d 102 (1983). Although the statute of limitations is not a constitutional right but a defense created by statute, both sides agree that a waiver of the statute of limitations must be knowing and voluntary to be enforceable. *See, e.g., United States v. Heidecke,* 900 F.2d 1155, 1161–62 (7th Cir.1990) (affirming district court's holding after evidentiary hearing that defendant's

---

1. Moreover, it does not appear that the government ever requested that Koh enter a plea until February 1995, approximately six years after the

agreement was signed. (Def. Br. 3; Gov't Br. 5; Tr. of Oral Arg. dated 5/28/97 at 5–6.)

waiver of statute of limitations was knowing and voluntary); *United States v. Levine,* 658 F.2d 113, 124 n. 17 (3d Cir.1981) (waivers of limitations statutes should be made with advice of counsel and with understanding of consequences); *United States v. Wild,* 551 F.2d 418, 424–25 (D.C.Cir.1977), *cert. denied,* 431 U.S. 916, 97 S.Ct. 2178, 53 L.Ed.2d 226 (1977); *see also United States v. Ready,* 82 F.3d 551, 556–57 (2d Cir.1996) (waiver of right to appeal sentence).

■ Neither the government nor the defendant has pointed to any case that addresses the question of which party has the burden of proof on the issue of whether a defendant's waiver of the statute of limitations is knowing and voluntary. The issue appears to be one of first impression. At oral argument, the government stated that once a defendant raises the issue by offering some affirmative evidence, the government has the burden of proof.[2] (Tr. of Oral Arg. dated 5/28/97 at 3, 20–21.) I agree. The primary purpose of a statute of limitations is to protect the defendant who may have lost his means of defense as a result of the passage of time. *United States v. Podde,* 105 F.3d 813, 819 (2d Cir.1997). Before the government may deprive the defendant of this important protection, it should be required to prove the existence of a knowing and voluntary waiver. *Cf. United States v. Lynch,* 92 F.3d 62, 65 (2d Cir.1996) (government must prove waiver of Miranda rights). In this case, it is unnecessary to decide exactly what evidence the defendant must proffer in order to shift the burden of proof to the government. Although initially, counsel for Koh represented to the court that Koh could not recall whether he knowingly and voluntarily waived the statute of limitations, Koh subsequently submitted an affidavit stating that he did not know or understand the consequences of the waiver. (Tr. of Oral Arg. dated 5/28/97 at 14, 20; Ex. A to Patel Letter dated 6/4/97.) This affidavit clearly raises the issue of whether the waiver was knowing and voluntary. Accordingly, the government bears the burden of proof.

The evidence that has been submitted to the court in this matter is not extensive. The plea agreement was signed in March 1989 at a meeting at the office of Assistant United States Attorney Peter Sobol. Only Sobol, Weissman and Koh were present. Sobol does not think that he explained the terms of the agreement to Koh and has no present recollection of the events that occurred at the meeting. (Riopelle Aff. at 2–3.) Moreover, it is Sobol's usual practice not to explain the terms of plea agreements to defendants. (*Id.* at 3.) Weissman, Koh's counsel at the time, has submitted an affidavit stating that he "[does] not specifically recall discussing the statute of limitations issue with Mr. Koh" and that "any such discussion would have been brief and would have concerned possible prosecution for acts committed more than 5 years prior to the signing of the agreement." (Attach. to Not. of Mot.) He also states that "Mr. Koh was not advised either by me or Mr. Sobol that the waiver of the statute of limitations in the agreement could be applied prospectively." (*Id.*)

Koh's recollection of the events that occurred at the meeting is similarly vague. In the first affidavit that he submitted to the court in connection with this motion, he stated only that he had not been advised by either Weissman or Sobol that the plea agreement contained a waiver of the statute of limitations defense. (Attach. to Not. of Mot.) He did not affirmatively state that he had not understood the waiver. In his second affidavit, however, Koh stated that "[p]rior to signing the March 1989 agreement, [he] did not know or understand that there was a 5–year statute of limitations applicable to this matter or the consequences of waiving the statute of limitations." (Ex. A to Patel Letter dated 6/4/97.)

■ While Koh's last-minute submission of a second affidavit raises some question as to his credibility, an examination of the evi-

---

2. Although the government subsequently sent a letter to the court contending that "the burden of establishing that the defendant did not understand the nature of the waiver ... falls squarely on the defendant," the cases cited by the government in support of that contention are inapposite. The cases discuss the law of contracts and the law in the context of withdrawal of pleas. (Riopelle Letter dated May 29, 1997.)

dence as a whole demonstrates that the government has not met its burden of proof on this issue. Koh's sworn statement that he did not understand the waiver is not rebutted by any affirmative evidence. Moreover, Weissman's affidavit supports Koh's contention that he was not advised by counsel about the consequences of the waiver. Other factors present in this case are also supportive of defendant's claim. Although Koh is able to speak and understand English well, English is not his native language. Furthermore, the open-ended waiver is located in the middle of a longer agreement and is written in language that a layperson might not understand. Finally, at the time the agreement was signed, nearly five full years remained before the limitation period would run. The crimes charged in Counts One through Three of the indictment were not time-barred until January and February of 1994. Thus, it is unlikely that the statute of limitations was important either to the government or to the defendant in March 1989. It is not surprising that the parties do not remember discussing the boilerplate waiver. This is not a case in which a defendant, in hopes of avoiding prosecution entirely or of pleading to a lesser charge, waives a statute of limitations defense when the limitation period is about to run.

The government argues that the fact that Koh continued to cooperate with the government after the statute of limitations had expired demonstrates that he understood the waiver provision. But Koh's continued cooperation demonstrates only that he hoped to avoid prosecution for any offense greater than that to which he agreed to plead. It shows nothing about whether he knew of the existence of a statute of limitations defense or whether he knew that he had waived that defense. Moreover, it shows nothing about whether, at the time he had signed the agreement six years earlier, he had understood the consequences of the waiver.

After consideration of all the evidence submitted to the court, I find that the government has not proven by a preponderance of the evidence[3] that Koh's waiver of the stat-

ute of limitations was knowing and voluntary. In light of the specific circumstances of this case, I cannot hold that Koh's signature on the plea agreement alone is sufficient to establish that he understood and voluntarily waived the statute of limitations defense. The government had nearly five full years to have Koh enter a plea and thereby bring the agreement before a court and ensure that the waiver was valid. Its failure to act more expeditiously in this matter has resulted in a situation in which the parties do not fully recollect the events surrounding Koh's signing of the plea agreement and in which no court has questioned Koh about the plea agreement. Accordingly, Counts One, Two and Three of the indictment are dismissed as untimely.

SO ORDERED.

---

**3.** See Colorado v. Connelly, 479 U.S. 157, 168–69, 107 S.Ct. 515, 522–23, 93 L.Ed.2d 473 (1986) (government must prove waiver of constitutional Miranda rights by preponderance of evidence).