**UNITED STATES of America**

**v.**

**Christopher CARNESI, Defendant.**

**No. 06 CR 311(ADS).**

United States District Court,
E.D. New York.

Nov. 17, 2006.

Roslynn R. Mauskopf, United States Attorney by Burton T. Ryan, Jr., Assistant United States Attorney, Central Islip, NY, for Plaintiff.

Sarita Kedia, Esq., New York City, for Defendant.

### MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

Presently before the Court is a motion by Christopher Carnesi ("Carnesi" or the "Defendant") to dismiss an indictment charging him with conspiracy to commit

money laundering in violation of 18 U.S.C. Section 1956(a)(1)(A)(i) and (b).

## I. BACKGROUND

On May 9, 2006, Carnesi was indicted and charged with conspiracy to launder money in violation of 18 U.S.C. Section 1956(a)(1)(A)(i) and (b). In the indictment, the Government alleges that between January 1, 1991 and May 30, 2001, the Defendant:

knowingly and intentionally conspire[d] to conduct financial transactions affecting interstate and foreign commerce, which in fact involved the proceeds of specified unlawful activity, to wit: mail and wire fraud, in violation of Title 18, United States Code, Sections 1341 and 1343, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity (a) with the intent to promote the carrying on of the specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(I), and (b) knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of the specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

In September 2006, Carnesi moved to dismiss the indictment, arguing that the applicable statute of limitations expired prior to the Government's filing of the indictment. Specifically, Carnesi alleges that although the conspiracy to commit money laundering charge is governed by a five year statute of limitations, the Government cannot prove "beyond a reasonable doubt" that "the charged conspiracy continued beyond May 9, 2001 and that at least one overt act in furtherance of the conspiracy was performed after that date."

Further, the Defendant claims that he withdrew from the conspiracy prior to May 9, 2001.

The Government has not opposed the motion.

## II. DISCUSSION

The applicable statute of limitations for money laundering, found in 18 U.S.C. Section 3282(a), is five years. *United States v. Koh*, 968 F.Supp. 136, 137 (S.D.N.Y. 1997). In the present case, the Government filed the indictment on May 9, 2006, alleging that Carnesi acted in furtherance of a conspiracy to launder money from January 1, 1991 through May 30, 2001. Therefore, the indictment was filed within the applicable five year limitations period.

■ Further, as the Defendant admits, in deciding a pretrial motion to dismiss, the Court must accept the Government's factual allegations as true. *United States v. Collazo*, No. 04 cr 297, 2004 WL 2997843, at *2, 2004 U.S. Dist. LEXIS 25910, at *4 (S.D.N.Y. Dec. 22, 2004) ("In a motion to dismiss pursuant to Fed. R.Crim.P. 12(b), a court must accept all factual allegations in the indictment as true"); *United States v. Martinez*, No. 94 cr 219, 1995 WL 10849, at *2, 1995 U.S. Dist. LEXIS 155, at *9–10 (S.D.N.Y. Jan. 12, 1995) ("Since the grand jury determined in this Indictment that facts constituting an element of the crime charged occurred within the relevant statute of limitations period, such an argument by Defendants may not be properly considered prior to trial, and their motion to dismiss the Indictment as untimely under the statute of limitations is denied"). "Hence, a motion to dismiss based on the statute of limitations may be premature." *Collazo*, 2004 WL 2997843 at *2, 2004 U.S. Dist. LEXIS at *4.

Despite the facts alleged in the indictment, accepted as true, the Defendant argues that the Government is unable to prove that Carnesi participated in the conspiracy between May 9, 2001 and May 30, 2001. The Defendant further claims he withdrew from the conspiracy and had no contact with the alleged co-conspirators after May 9, 2001. In sum, the Defendant alleges that "no reasonable juror could conclude that the charges against Chris could be proved beyond a reasonable doubt".

■ The Defendant's motion is based on his claim that the Government will not be able to prove its case at the trial. The allegations raised in the Defendant's motion, specifically whether the Defendant actually participated in the conspiracy and whether he withdrew from the conspiracy, are issues of fact for the jury to decide. *United States v. Sanchez,* No. 01 cr 277, 2003 U.S. Dist. LEXIS 6348, at *7–8 (S.D.N.Y. Apr. 17, 2003) ("whether [the defendant's] return of the money was an act in furtherance of the conspiracy is an issue of fact for the jury"). The Defendant may argue at the trial that he was not involved in the conspiracy in May 2001. *United States v. Berger,* 22 F.Supp.2d 145, 156 (S.D.N.Y.1998) ("While [the defendant] may argue at trial that he withdrew from the conspiracy on September 1, 1991, the Government is entitled to argue that [the defendant] remained in the conspiracy and therefore continued to bear responsibility for the criminal acts by his coconspirators").

The indictment properly charges that the Defendant "[c]ommitted substantive offenses within the statute of limitations period in furtherance of a conspiracy." *Id.* If the Government fails to prove that the acts occurred within the applicable limitations period at the trial, the Defendant may renew the motion to dismiss the indictment. However, at this stage of the litigation the motion is premature. *United States v. Berger,* 22 F.Supp.2d 145, 153 (S.D.N.Y.1998) (citing *United States v. Persico,* 621 F.Supp. 842, 872 (S.D.N.Y. 1985) ("If the proof at trial shows that the enterprise was abandoned or its objectives accomplished more than five years before the indictment, the Court will then entertain a motion to dismiss by [the defendant]" )).

■ In addition, despite the Defendant's claim that he withdrew from the conspiracy, the fact that a party terminated his relations with co-conspirators or was unavailable during a conspiracy, does not necessarily prove withdrawal. *United States v. Borelli,* 336 F.2d 376 (2d Cir. 1964) (the Court found that imprisonment of an alleged co-conspirator during the period of the conspiracy did not necessarily prove withdrawal from the conspiracy). Moreover, the Defendant bears the burden of proving that he withdrew from the conspiracy. *United States v. Spero,* 331 F.3d 57, 61 (2d Cir.2003) (where the government has shown that a conspiracy existed, the defendant bears the burden of proving either that the conspiracy was terminated or that he withdraw); *United States v. Flaharty,* 295 F.3d 182, 192 (2d Cir.2002); *Id.* Further, the Defendant's participation or lack thereof are "issues of fact to be determined by the jury". *Sanchez,* 2003 U.S. Dist. LEXIS at *8.

Accepting the claims set forth in the indictment as true, the Defendant was engaged in a conspiracy to launder money from January 1, 1991 through May 30, 2001. The Defendant's claims that the Government lacks sufficient evidence to convict him, cannot properly be addressed by the Court at this stage of the litigation.

Accordingly, the Defendant's motion to dismiss the indictment is denied.

## III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED,** that the Defendant's motion to dismiss the indictment based on the defense of the statute of limitations is **DENIED.**

**SO ORDERED.**